IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **TRAVAS RAMON ESTRADA,** <br><br> **Defendant.** | Case No. 21-CR-219-JFH |

## OPINION AND ORDER

Before the Court is a Motion to Reconsider Sentence Reduction ("Motion to Reconsider") filed pro se by Defendant Travas Ramon Estrada ("Defendant"). Dkt. No. 47. Defendant asks the Court to reconsider its Order ("Order") [Dkt. No. 45] denying Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion for Sentence Reduction") [Dkt. No. 44].

Although not explicitly provided for in the Federal Rules of Criminal Procedure, motions to reconsider are proper and cognizable in criminal cases. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, these motions are generally considered to be extraordinary relief, and the trial court has discretion in determining whether such a motion should be granted or denied. *See e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Grounds warranting a motion to reconsider are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. at 1012. Additionally, reconsideration may be appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id*. A motion to reconsider is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In support of his Motion to Reconsider, Defendant argues that he was not fully aware of his potential sentencing range at the time of entering into his plea agreement. Dkt. No. 47 at 1. Defendant further argues that he has "already served" time on his previous conviction which was taken into consideration in calculating his criminal history score. *Id*. Finally, Defendant argues that his "post sentencing conduct" has not been taken into consideration. *Id*. The Court notes that these arguments were previously raised in Defendant's Motion for Sentence Reduction. Dkt. No. 44.

As previously noted, a motion to reconsider may not be used to revisit issues already addressed. *Servants of Paraclete*, 204 F.3d at 1012. Further, Defendant has not demonstrated an intervening change in the controlling law, new evidence previously unable, or the need to correct clear error or prevent manifest injustice. Defendant has failed to show that reconsideration of the Court's Order [Dkt. No. 45] is warranted. For these reasons, Defendant's Motion to Reconsider [Dkt. No. 47] is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider Sentence Reduction [Dkt. No. 47] is DENIED.

Dated this 14th day of October 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE