**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

    **Case No. 21-CR-219-JFH**

TRAVAS RAMON ESTRADA,
    Defendant.

## OPINION AND ORDER

Before the Court is a Motion to Reconsider Sentence Reduction ("Motion to Reconsider") filed pro se by Defendant Travas Ramon Estrada ("Defendant"). Dkt. No. 52. Defendant asks the Court to reconsider its Order ("Order") [Dkt. No. 51] denying Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion for Sentence Reduction") [Dkt. No. 44]. While a motion for reconsideration may be filed in a criminal case, it must be filed within the same time frame as a notice of appeal, which is fourteen days from the date of the order challenged. *United States v. Randall*, 666 F.3d 1238, 1242-43 (10th Cir. 2011); *United States v. Cook*, 599 F.3d 1208, 1212 (10th Cir. 2010); Fed. R. App. P. 4(b)(1)(A)(i). Because Defendant filed the instant motion on April 17, 2026, over a year after the deadline to do so, the Court finds that the Motion to Reconsider is untimely and DENIES the Motion to Reconsider for that reason.

Notwithstanding the timing issue, Defendant is not eligible for relief because he has not identified a qualifying "change in law" as required for reconsideration under 18 U.S.C. § 3582(c)(2). Defendant relies on *United States v. Day* and *United States v. Payne* as "new precedent" establishing eligibility under Amendment 821. No. RDB-19-506, 2025 WL 3039252 (D. Md. Oct. 31, 2025); No. 24-5353, 2025 WL 475225 (6th Cir. Feb. 12, 2025). However, neither case constitutes binding authority on this Court, and neither announces any new rule of law. *United*

*States v. Day* arises from the District of Maryland and is neither binding nor persuasive authority in the context presented by Defendant.  2025 WL 3039252.  *United States v. Payne* is a Sixth Circuit decision that similarly applies existing § 3582(c)(2) and Amendment 821 principles rather than creating any new legal standard. 2025 WL 475225.  Moreover, both cases are distinguishable on their facts.  In *Day*, the court reduced the sentence only after finding that Amendment 821 materially lowered the guideline range and that the reduction remained within the framework of a binding Rule 11(c)(1)(C) agreement.  2025 WL 3039252 at 7.  In *Payne*, the court affirmed denial of further reduction where the defendant had already received a substantial benefit under his plea agreement and Amendment 821 did not meaningfully alter the sentencing disparity.  2025 WL 475225 at 8.  Neither case supports Defendant's contention that a new rule of law exists, or that reconsideration is warranted here.

Even assuming Defendant is eligible for consideration of a sentence reduction 18 U.S.C. § 3582(c)(2), such eligibility does not entitle him to relief.  Section 3582(c)(2) permits but does not require a reduction in sentence where a defendant was sentenced based on a Guidelines range that has subsequently been lowered.  Rather, 3582(c)(2) directs the Court to consider the applicable Sentencing Commission policy statements and the factors set forth in 18 U.S.C. § 3553(a) in determining whether a reduction is warranted in the particular case.  *See* USSG § 1B1.10.  Thus, even where a defendant satisfies the threshold requirement for eligibility, the decision to reduce a sentence remains a matter of the Court's discretion following individualized consideration of the statutory factors.  18 U.S.C. § 3582(c)(2).  Here, as set forth in the Court's prior Orders [Dkt. No. 45; Dkt. No. 48], the Court has considered the § 3553(a) factors and determined that a sentence reduction is not warranted in this case.

In sum, Defendant's motion is untimely, fails to establish eligibility for relief, and in any event does not warrant a reduction under the § 3553(a) factors. Defendant has failed to show that reconsideration of the Court's Order [Dkt. No. 45] is warranted.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider Sentence Reduction [Dkt. No. 52] is DENIED.

Dated this 4th day of May 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE